## HEROY *v.* KERR.

September, 1866.

Affirming 8 *Bosw.* 194; S. C., 21 *How. Pr* 409.

A *bona fide* purchase for value, from the president of an insolvent corporation, of property which he had purchased from the company for an antecedent debt due such president, is valid against the creditors of the company, although the sale by the company to the president was void as to such creditors.

James H. Heroy and others sued John Kerr, in the New

York superior court, for the conversion of certain glass, which plaintiffs alleged was in their possession at the works of the American Glass Company, but which defendant had caused the sheriff of Brooklyn to take away and sell, and the proceeds of which defendant had received.

Defendant denied ownership in the plaintiffs, and alleged the property to have been owned by the American Plate Glass Company, and justified the seizure and sale by virtue of a judgment in his favor against that company.

On the trial, before a single judge without a jury, it appeared that the American Plate Glass Company was incorporated under the general manufacturing companies act, and was in operation, manufacturing glass, during the years 1856, 1857 and 1858, and that its president had been Lewis A. Sayre. The other facts necessary to an understanding of the case are given in the opinion. Plaintiffs had judgment.

*The superior court*, at general term, held that the question to Sayre as to the financial condition of the company immediately prior to and at the time of the levy, was improper, since there had been given, at that period of the trial, no evidence of any fraudulent sale of goods. Reported in 8 *Bosw.* 194; S. C., 21 *How. Pr.* 409. Defendant appealed to this court.

*Winchester Britton*, for defendant, appellant.

*W. W. Niles*, for plaintiffs, respondents.

JAMES C. SMITH, J.—Upon the facts found by the judge who tried the cause, the conclusion reached by him, that the plaintiffs are entitled to recover, is unquestionably correct. He found, in substance, that the property in dispute was owned by the glass company, originally; that by a sale binding on the company, their title was transferred to the plaintiffs, for a valuable consideration, and that subsequently the defendant bought the property at an execution sale against the company, with notice of the plaintiffs' claim. The judgment, therefore, should not be disturbed, unless some error prejudicial to the defendant was committed in the progress of the trial.

Heroy *v.* Kerr.

The defendant's counsel insists that the court erred in several particulars, which will now be stated.

First. In sustaining an objection to the question put by the defendant to the witness Sayre, as to what was the financial condition of the glass company immediately prior to, and at the time of the levy.

Secondly. In refusing to hold, as requested by the defendants on the trial, as follows: (1.) That, if any sale of the glass in question was ever made by the company, it was to Sayre, the president of the company, in payment of an antecedent debt owing to him by the company, and that at the time of the sale the company was insolvent, and had refused payment of its notes in specie, or lawful money of the United States, and that said sale was void under and by virtue of part I. c. 18, title 4, sec. 4 of the Revised Statutes. (2.) That, if there was a sale by the company to the plaintiffs, it was equally void under the same section. (3.) That a sale of the property of the company, under the circumstances, for the worthless stock of the company, was a fraud on the defendant, a creditor of the company.

Thirdly. In refusing to pass upon the following questions, which the defendant, by motion, made subsequently to the filing of the decision, requested the court to pass upon, to wit: (1.) Had the company refused to pay any of its notes or other evidences of debt, in specie or lawful money of the United States, prior to the transfer of the property in controversy? (2.) Was the company insolvent at the time of the transfer?

All these positions may be answered in a few words. It is undoubtedly true, as claimed by the defendant, that the sale by the glass company was made to Sayre, the president of the company, and not to the plaintiffs.

The testimony warrants this conclusion, and it is consistent with the findings of the court. But the plaintiffs subsequently bought of Sayre, for a valuable consideration, and there is no evidence that they had notice of any defect in his title. By that purchase they acquired a good title, notwithstanding the title which Sayre obtained from the company might have been impeached by the creditors of the company, while such title remained in his hands. The plaintiffs' title could not be affected by either or all of the circumstances, that the company

was insolvent at and prior to the time of the sale to Sayre; that it had refused payment of its notes; that he was the president of the company, and that the sale to him was in payment of an antecedent debt, or by the existence of any other fact or circumstances which merely rendered the sale to Sayre fraudulent and void, as against the creditors of the company.

The defendant's counsel argues that the sale to Sayre was made without authority, and was, therefore, void, but the court found, as a fact, that the sale was binding on the company, and that finding is conclusive upon the point.

The judgment should be affirmed.

DAVIES, Ch. J., also read an opinion for affirmance.

All the judges concurred.

Judgment affirmed, with costs.